# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DYLAN T. HAYES,

        Petitioner,

v.                                             Case No. 24-CV-772

BRIAN CAHAK,

        Respondent.

## DECISION AND ORDER

On December 2, 2024, the court denied Dylan T. Hayes's petition for a writ of habeas corpus. *Hayes v. Cahak*, No. 24-CV-772, 2024 U.S. Dist. LEXIS 217182 (E.D. Wis. Dec. 2, 2024). Hayes has now filed what he has captioned, "Motion for Reconsideration Pursuant to General L.R. 72." (ECF No. 11.)

Hayes and the respondent consented to the full jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). (ECF Nos. 3, 6.) Therefore, Civil Local Rule 72(c) is inapplicable. When the parties have consented to the full jurisdiction of a magistrate judge, the only review available is "to the appropriate United States court of appeals … in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3).

However, a petitioner may appeal the denial of a habeas petition only if he obtains a certificate of appealability. 28 U.S.C. § 2253(c). The court denied Hayes a certificate of appealability. Therefore, if Hayes wishes to appeal he must seek and obtain a certificate of appealability from the Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Insofar as Hayes asks the court to alter the judgment under Fed. R. Civ. P. 59(e) or for relief from judgment under Fed. R. Civ. P. 60(b), the motion will be denied. Any motion under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Although Hayes refers to various delays in the delivery of documents, the court cannot extend the deadline for filing a motion under Rule 59(e). *See* Fed. R. Civ. P. 6(b)(2).

A motion under Rule 60 has a more forgiving timeline, *see* Fed. R. Civ. P. 60(c)(1), but is more limited in scope, *see* Fed. R. Civ. P. 60(b). Having reviewed Hayes's filings, the court finds no basis to grant his relief from judgment.

"[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). Hayes has failed to sustain his burden to show that relief under Rule 60 is appropriate. Again, Hayes has failed to show that his untimeliness should be excused, much less that this conclusion is supported by newly discovered evidence, i.e.,

2

evidence that could not have been presented earlier. Although he suggests that he would be able to prove his diligence and actual innocence if afforded an evidentiary hearing, to obtain an evidentiary hearing, as the court previously explained, *Hayes v. Cahak*, No. 24-CV-772, 2024 U.S. Dist. LEXIS 217182, at *8 (E.D. Wis. Dec. 2, 2024), a petitioner must first proffer facts that, if proven at a hearing, would entitle the petitioner to relief. Hayes has failed to do so.

**IT IS THEREFORE ORDERED** that Hayes's "Motion for Reconsideration Pursuant to General L.R. 72" (ECF No. 11) is **denied**.

Dated at Milwaukee, Wisconsin this 7th day of February, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge